IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JASON W. OWENS,
  Petitioner,

vs.          Case No. 3:09cv465/MCR/EMT

EDWIN G. BUSS,
  Respondent.
_____/

## REPORT AND RECOMMENDATION

  This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1).  Respondent filed an answer and relevant portions of the state court record (Docs. 36, 38, 42).  Petitioner filed a reply (Doc. 40).

  This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I. BACKGROUND AND PROCEDURAL HISTORY

  The procedural background of this case is undisputed by the parties and established by the state court record (Doc. 42).[1]  Petitioner was charged in the Circuit Court of Escambia County, Florida, Case No. 02-CF-4838, with one count of armed robbery with a firearm and one count of possession of a firearm by a convicted felon (Ex. B at 1, 2). Following a jury trial on November 21, 2003, Petitioner was found guilty of armed robbery (Ex. B at 48; Ex. C).  The jury additionally found that Petitioner did not actually possess a firearm during commission of the robbery (*id.*).  The State declined to prosecute the possession of a firearm count.  Petitioner was adjudicated guilty and sentenced as a prison releasee reoffender to thirty (30) years of imprisonment, to run consecutively to any federal sentence he was then serving (*id.* at 54–59).  Petitioner appealed his conviction and

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's answer (Doc. 42).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

sentence to the Florida First District Court of Appeal ("First DCA"). On December 5, 2005, the First DCA affirmed per curiam without written opinion (Ex. H). Owens v. State, 916 So. 2d 794 (Fla. 1st DCA 2005) (Table).

On June 28, 2006, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. J at 1–14). He subsequently filed an amended and second amended motion (*id.* at 26–45, 68–90). The court appointed counsel for Petitioner and held an evidentiary hearing (*id.* at 163–216). The trial court denied the motion in an order rendered October 12, 2007 (*id.* at 271–78). Petitioner appealed the decision to the First DCA, Case No. 1D07-6092. Petitioner subsequently filed a notice of voluntary dismissal; and on September 23, 2008, the First DCA dismissed the appeal (Exs. L, M).

On September 25, 2008, Petitioner filed a second Rule 3.850 motion (Ex. N). The trial court summarily dismissed the motion as untimely and successive on December 15, 2008 (*id.* at 77–79). On January 2, 2009, Petitioner filed a motion in the First DCA to reinstate his appeal in Case No. 1D07-6092 (*id.* at 125–27). The First DCA construed the motion as a notice of appeal for review of the lower court's December 15, 2008, order denying Petitioner's second Rule 3.850 motion (*id.* at 123–24). On August 18, 2009, the First DCA affirmed the lower court's decision per curiam without written opinion (Ex. Q). Owens v. State, 18 So. 3d 534 (Fla. 1st DCA 2009) (Table). The mandate issued October 15, 2009 (Ex. T).

Petitioner filed the instant habeas action on October 19, 2009 (Doc. 1 at 1). On January 21, 2011, Respondent filed an answer asserting that the petition was not timely filed under 28 U.S.C. § 2254(d) (Doc. 36 at 3–9). Respondent additionally asserts Petitioner's claims are not cognizable in federal habeas, raise only state law issues, are unexhausted, and are procedurally barred from federal review (*id.* at 9–19). Notwithstanding the procedural bars, Respondent contends Petitioner has failed to show he is entitled to relief on his claims (*id.* at 19–39). In Petitioner's reply, he abandons Ground Two of his petition and concedes that he failed to properly exhaust Ground Three (Doc. 40 at 4–5). However, he contends he is entitled to review of Grounds One and Four, and argues he is entitled to relief on those claims (*id.* at 1–13).

As discussed *infra*, the undersigned concludes that the instant petition was not timely filed. Therefore, the parties' remaining arguments will not be addressed.

II   ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas

petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the federal limitations period is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct appeal (*see* Doc. 36 at 4). The parties do not dispute that Petitioner's conviction became final on March 6, 2006 (*see* Doc. 36 at 4; Doc. 40 at 1). Therefore, applying § 2244(d)(1)(A), Petitioner had one year from March 6, 2006, or until March 6, 2007, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citation omitted). The record establishes Petitioner did not file his federal petition on or before March 6, 2007. Therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). In the instant case, the parties do not dispute that Petitioner filed a tolling motion (his first Rule 3.850 motion) on June 28, 2006, after 114 days of the federal limitations period ran (Doc. 36 at 4; Doc. 40 at 1). The parties also do not dispute that the federal limitations period was tolled until September 23, 2008, when the First DCA dismissed Petitioner's appeal of the order denying his motion (*id.*).

Petitioner's next state court filing was his second Rule 3.850 motion. Respondent contends this motion was not "properly filed" because the state courts determined it was untimely; therefore, it did not qualify as a tolling motion (Doc. 36 at 4–9). Petitioner argues that his second Rule 3.850

motion was properly filed because he alleged newly discovered evidence, which is an exception to the two-year time limit, as provided in Rule 3.850(b)(1).[2]

Petitioner's second Rule 3.850 motion asserted a claim of newly discovered evidence (Ex. N at 5). Petitioner alleged he procured an affidavit from his co-defendant, Justen McAllister, which demonstrated (1) the State of Florida used Petitioner's statements to police to obtain Mr. McAllister's conviction, and (2) Petitioner did not breach his plea and cooperation agreement in USA v. Owens, Case No. 3:02cr85/LAC (N.D. Fla. Dec. 31, 2002) (wherein he agreed to plead guilty to one count of possession of a firearm by a convicted felon and to cooperate with federal authorities in any matters they were investigating, in exchange for the prosecutor's promise not to file any further criminal charges against him arising out of the same transactions or occurrences, and to make known his opinion as to the nature and extent of Petitioner's cooperation) (*id.* at 221–29). In addition to alleging newly discovered evidence, Petitioner re-argued an issue raised in his first Rule 3.850 motion, that is, whether his trial counsel was ineffective for advising him that he would not be prosecuted by the State if he entered the plea and cooperation agreement with federal authorities (*id.* at 5–15).[3]

The state circuit court denied the second Rule 3.850 motion as both untimely and successive (Ex. N at 77–79). The court set forth a time line of dates determinative of the timeliness issue, which showed Petitioner's second Rule 3.850 motion was filed past the two-year deadline set forth in Rule 3.850(b) (*id.* at 77). The court then set forth the standard for determining whether Petitioner successfully stated a claim of newly discovered evidence and analyzed Petitioner's motion according to that standard (*id.* at 78–79). The court determined Petitioner failed to demonstrate that his claims satisfied that standard; therefore, they were not properly characterized as newly discovered evidence (*id.*). The court further determined Petitioner failed to demonstrate any reason for his failure to present his allegations in the first Rule 3.850 proceeding (*id.* at 79). Therefore, the court dismissed

---

[2] Rule 3.850(b) provides, in relevant part:

**(b) Time Limitations.** A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case . . . unless it alleges that

(1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, . . . .

Fla. R. Crim. P. 3.850(b).

[3] The plea and cooperation agreement in Petitioner's federal case expressly provided that nothing in the agreement protected Petitioner from prosecution for any other offense, and was signed over one year prior to his trial on the State robbery charge (Ex. N at 225).

the motion as untimely and successive (*id.*). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion.

The determinative issue in this case is whether Petitioner's second Rule 3.850 motion was "properly filed" for purposes of § 2244(d)(2). In Pace v. DiGuglielmo, the Supreme Court held that a state postconviction motion rejected as untimely by a state court was not "properly filed." 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (discussing Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000)). The Court stated:

> In Artuz v. Bennett, we held that time limits on postconviction petitions are "condition[s] to filing," such that an untimely petition would not be deemed "properly filed." . . . However, we reserved the question we face here: "whether the existence of certain exceptions to a timely filing requirement can prevent a late application from being considered improperly filed." Having now considered the question, we see no grounds for treating the two differently.
>
> As in Artuz, we are guided by the "common usage" and "commo[n] underst[anding]" of the phrase "properly filed." In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception. The purpose of AEDPA's statute of limitations confirms this commonsense reading.

Pace, 544 U.S. at 413 (alterations in original) (citations omitted). The Court held that "time limits, no matter their form, are 'filing' conditions." *Id.* at 417. The Court concluded: "What we intimated in Saffold we now hold: When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414 (quoting Carey v. Saffold, 536 U.S. 214, 226, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002)).

Petitioner contends Florida courts regularly deny Rule 3.850 motions alleging newly discovered evidence on the merits, without determining whether they are untimely or successive (Doc. 40 at 2–3). Therefore, the state court's denial of his motion as untimely and successive was not based upon a consistently applied state procedural rule and, thus, did not provide an adequate basis for denying his motion (*id.*).

After Pace, the Supreme Court reiterated that where a state court petition is rejected by the state courts as untimely, it is not properly filed for § 2244(d)(2) purposes. Allen v. Siebert, 552 U.S. 3, 128 S. Ct. 2, 169 L. Ed. 2d 329 (2007). In Siebert, the district court held that the § 2254 petition was untimely because the state application for relief, rejected by the state court as untimely, was not "properly filed." 552 U.S. at 4 (discussing case history). The Eleventh Circuit reversed the district court, holding that Siebert's state post-conviction petition was "properly filed" within the meaning of § 2244(d)(2), because the state time bar was not jurisdictional, and the Alabama courts therefore had discretion in enforcing it. *Id.* at 5 (discussing case history and citing Siebert v. Campbell, 334

F.3d at 1018 (11th Cir. 2003)). Pace was decided while Siebert's § 2254 petition was pending in the district court on remand from the Eleventh Circuit, and the district court found that the state postconviction motion was not properly filed under Pace. *Id.* (discussing case history); *see also* Siebert v. Allen, 480 F.3d 1089, 1090 (11th Cir. 2007) ("[I]nstead of further proceedings, the district court revisited the timeliness issue and again dismissed the petition as untimely, finding that Pace v. DiGuglielmo, superseded our decision in Siebert I." ).  On review after remand, the Eleventh Circuit again reversed and remanded.  Siebert, 552 U.S. at 5 (discussing case history).  The Eleventh Circuit distinguished Pace on the ground that the state procedural rule governing timeliness at issue in Pace was jurisdictional, whereas the state rule at issue in Siebert operated as an affirmative defense.  *Id.* (discussing case history).  The Supreme Court reversed the Eleventh Circuit's ruling, stating:

> The Court of Appeals' carve-out of time limits that operate as affirmative defenses is inconsistent with our holding in Pace.  Although the Pennsylvania statute of limitations at issue in Pace happens to have been a jurisdictional time bar under state law, the jurisdictional nature of the time limit was not the basis for our decision.  Rather, we built upon a distinction that we had earlier articulated in Artuz v. Bennett, between postconviction petitions rejected on the basis of " 'filing' conditions," which are not "properly filed" under § 2244(d)(2), and those rejected on the basis of "procedural bars [that] go to the ability to obtain relief," which are.  We found that statutes of limitations are "filing" conditions because they "go to the very initiation of a petition and a court's ability to consider that petition."  Thus, we held "that time limits, no matter their form, are 'filing' conditions," and that a state postconviction petition is therefore not "properly filed" if it was rejected by the state court as untimely.
>
> In short, our holding in Pace turned not on the nature of the particular time limit relied upon by the state court, but rather on the fact that time limits generally establish "conditions to filing" a petition for state postconviction relief.  Whether a time limit is jurisdictional, an affirmative defense, or something in between, it is a "condition to filing,"—it places a limit on how long a prisoner can wait before filing a postconviction petition.

Siebert, 552 U.S. at 5–6 (alterations and emphasis by the Court) (citations omitted).  The Court held, "Because Siebert's petition for state postconviction relief was rejected as untimely by the [state] courts, it was not "properly filed" under § 2244(d)(2).  Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations."  *Id.* at 7.

In light of Pace and Siebert, the court rejects Petitioner's suggestion that the state court's determination of untimeliness should not be honored because the state court had discretion to simply deny it for failing to state a claim of newly discovered evidence, instead of making an additional determination of untimeliness.  Where, as here, there is an express determination of untimeliness by the state court, that determination is entitled to deference.

Additionally, Petitioner's argument that Florida courts do not consistently apply Rule 3.850(b) to claims of newly discovered evidence, and instead deny such claims as legally insufficient without addressing timeliness, is unavailing. Petitioner's characterization of the state court's decision as denying his motion on two <u>independent</u> bases of timeliness and sufficiency of his claim of newly discovered evidence is simply wrong. The determination of timeliness was dependent upon a finding of whether Petitioner's claim was based upon previously unknown facts. *See* Fla. R. Crim. P. 3.850(b)(1). The state court determined that Petitioner failed to demonstrate that he was not aware of the "newly discovered evidence" prior to the evidentiary hearing in the first Rule 3850 proceeding, or that he could not have procured such evidence through the use of due diligence (*see* Ex. N at 78). Therefore, Petitioner has failed to demonstrate that the time limit of Rule 3.850(b) is not an adequate state procedural rule.

As the Supreme Court stated in <u>Pace</u>, the state court's determination of untimeliness is "the end of the matter" in determining whether the document was properly filed for tolling purposes under § 2244(d)(2). Having determined that Petitioner's second Rule 3.850 motion did not toll the federal limitations period, the limitations period expired on May 28, 2009 (251 days after it re-commenced on September 24, 2008). Therefore, his federal petition filed on October 19, 2009, was untimely.[4]

Finally, Petitioner has not alleged he is entitled to review under any of the exceptions to the time bar. Liberally construing his allegations of newly discovered evidence as suggesting he is entitled to federal review through the "fundamental miscarriage of justice" gateway to the procedural bar, he has failed to satisfy the applicable standard. To satisfy the miscarriage of justice exception to a procedural bar, "the habeas petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Schlup v. Delo</u>, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995) (internal quotation and citation omitted). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether

---

[4] Petitioner does not assert that a different statutory trigger applies. However, since much of the discussion has revolved around his assertion of newly discovered evidence, the court will address whether his petition would be timely if § 2244(d)(1)(D) was the appropriate statutory trigger. Under § 2254(d)(1)(D), the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* The factual predicate of Petitioner's claims of "newly discovered evidence" was known to Petitioner, at the latest, on September 25, 2008, the date he filed his second Rule 3.850 motion (Ex. N at 1–76). Even if his federal limitations period was triggered on that date, it would have expired one year later on September 25, 2009. Therefore, Petitioner's habeas petition, filed on October 19, 2009, would still be untimely.

it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.*, 513 U.S. at 324.

In the instant case, Petitioner does not claim he is innocent of the armed robbery charge. Additionally, the "new evidence" he presented to the state courts in support of his second Rule 3.850 motion was not new reliable evidence of his innocence. As previously discussed, the "new evidence" included an affidavit of Justen McCallister stating that he pleaded guilty to involvement in the armed robbery because his (McAllister's) lawyer told him Petitioner intended to testify against him if he went to trial (Ex. N at 28, 29). Petitioner also presented an affidavit of David Johnson, Petitioner's step-father, stating Petitioner's trial counsel promised that if Petitioner fully cooperated with state and federal authorities, he would not be charged by the State and would receive an 18-year federal sentence, which would be reduced to 5–7 years (*id.* at 72). Petitioner also submitted the following: (1) the plea and cooperation agreement in USA v. Owens, No. 3:02cr85/LAC, referenced *supra*, (2) excerpts from transcripts of the evidentiary hearing on his first Rule 3.850 motion, (3) time records of the attorney who represented in the state and federal criminal proceedings, and (4) correspondence from his post-conviction counsel advising him that his trial counsel had resigned from the Florida Bar and was facing criminal charges (*id.* at 31–76). None of this "new evidence" suggests Petitioner is innocent of the armed robbery charge. Therefore, he has failed to show he is entitled to review of his claims through the "fundamental miscarriage of justice" exception to the time bar.

III. CONCLUSION

Based upon the above discussion, the undersigned concludes that Petitioner filed the instant § 2254 petition beyond the one-year statutory limitations period. Furthermore, he has failed to demonstrate that any tolling provisions render his petition timely, or that he is entitled to review under any exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

IV. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L.

Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.	That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

2.	That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 24th day of May 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**